Earl Moran v. Commissioner.
Moran v. Commissioner
Docket No. 42723.
United States Tax Court
1953 Tax Ct. Memo LEXIS 133; 12 T.C.M. (CCH) 969; T.C.M. (RIA) 53296; August 28, 1953
*133 Marvin E. Goodson, Esq., 6399 Wilshire Boulevard, Los Angeles, Calif., for petitioner. George E. Constable, Esq., for respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined a deficiency in income tax for the year 1949 in the amount of $1,426.68. The deficiency results from disallowance of a deduction for separate maintenance payments in the amount of $4,200 as not constituting a proper deduction under section 23 (u) of the Code. The petitioner filed a separate return for 1949 with the collector for the sixth district of California at Los Angeles. Findings of Fact The facts which have been stipulated are found as facts, and the stipulation is incorporated herein by reference. On June 14, 1948, petitioner and his wife, Mura Moran, became legally separated under a decree of the Superior Court of California for Los Angeles County, and they remained separated during all of the year 1949. They are not divorced. During 1949, both were residents of the State of California. The proceeding for separation and separate maintenance was filed by Mura Moran. The Superior Court made its decree in her favor and authorized *134 her to live separate and apart from the defendant, Earl Moran. By the Decree of Separate Maintenance entered on June 14, 1948, the court ordered Earl Moran to pay Mura Moran $350 per month, beginning June 5, 1948, for her maintenance and support. With respect to certain community property consisting of furniture, equipment, and an automobile, the court ordered that all of it remain in the possession of Earl Moran until further order. The court reserved jurisdiction to, at a future time, make a fair and equitable division of the community property including other property besides that above mentioned. Pending final division of the community property, Earl Moran is restrained by order of the court from encumbering or disposing of any community property. During 1949, petitioner paid $4,200 for the separate maintenance of Mura Moran pursuant to the Decree of Separate Maintenance. During 1949, petitioner's income from personal services amounted to $21,849.92. He reported the entire amount of his earnings in a separate income tax return for 1949. Petitioner deducted $4,200 from gross income for the separate maintenance of Mura Moran. The respondent disallowed the deduction "as not *135 constituting a proper deduction under the provisions of section 23 (u) of the Internal Revenue Code." Opinion The respondent now concedes that petitioner and his wife were legally separated and that, therefore, the separate maintenance and support payments come within section 22 (k) of the Code, and are, accordingly, deductible under section 23 (u). For the first time, petitioner claimed in his petition that he is taxable on only onehalf of his earnings for 1949, even though he was legally separated from his wife. On brief, petitioner has failed to cite any adequate legal authority which supports the contention. Therefore, his claim is denied. Because respondent has confessed error in his determination disallowing deduction of the separate maintenance payments, there is no deficiency in income tax due from this petitioner. Decision will be entered for petitioner.